UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

NICHOLAS STROEDER,

        Petitioner,

v.

JOAN FABIAN,

        Respondent.

Civil No. 10-4494 (PAM/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

Petitioner is a prisoner at the Minnesota Correctional Facility in Rush City, Minnesota. The current habeas corpus petition does not disclose the reason for Petitioner's incarceration, and he is not presently challenging any judgment entered against him in any state criminal case. Petitioner appears to be challenging a decision

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

by a division of the Minnesota Department of Corrections, which is identified as "Hearings and Release Unit." (Petition, p. (2), § 1.) As far as the Court can tell, Petitioner is claiming that the Hearings and Release Unit has wrongly extended his prison sentence by 750 days. (Id., § 3.) The current petition sheds no further light on the background of this matter.

Petitioner has presented a single ground for relief in his petition, which, repeated verbatim and in its entirety, is as follows:

> "wants expiration of sentence [¶] would like to be allowed to expire his 10 years parole time."

(Id., p. (4), § 12.A.)

For the reasons discussed below, the Court finds that Petitioner's current habeas corpus petition must be summarily dismissed.[2]

## II. DISCUSSION

A federal district court may entertain a habeas corpus petition filed by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus relief is available only for violations of rights protected by the federal Constitution, (or by federal law or treaty). Wainwright v. Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to

---

[2] The Court notes that Petitioner did not pay the $5.00 filing fee for this action. Ordinarily, that omission would have prompted the Court to hold Petitioner's submissions in abeyance until he paid the proper filing fee, (or applied for leave to proceed in forma pauperis). However, it is readily apparent that this action will have to be summarily dismissed for the reasons discussed herein, and addressing the fee issue would only delay the inevitable dismissal of this action.

2

correct wrongs of a constitutional dimension"). See also Wilson v. Corcoran, No. 10-91, ____ U.S. ____, (Nov. 8, 2010), 2010 WL 4394137 at *2 ("[t]he habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'").

In this case, Petitioner has not identified any constitutional basis for the claim set forth in his petition. The United States Constitution is never mentioned, or even alluded to, anywhere in the petition, and nothing in the petition suggests that any federal constitutional principles might be implicated here.

Because no federal constitutional dimension can be found in Petitioner's current claim for relief, his habeas corpus petition cannot be entertained in federal court. Estelle v. McGuire, 502 U.S. 62, 67 (1991). The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.[3]

---

[3] Even if there were some constitutional basis for Petitioner's current habeas corpus claim, that claim could not be entertained at this time, because Petitioner has not shown that he has exhausted his state court remedies for any such claim. It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies for all the claims presented. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). If Petitioner believes that he is being kept in prison beyond his proper release date, (which seems to be the gist of his claim), then he should be able to present his claim for an expedited release by means of a habeas corpus petition filed in the Minnesota state courts, pursuant to Minn.Stat. § 589.01. See Case v. Pung, 413 N.W.2d 261 (Minn.App. 1987), rev. denied, Nov. 24, 1987. To be clear, however, this Court is not recommending that this action be dismissed due to non-exhaustion, but rather, the Court is recommending that this action be dismissed with prejudice, because it fails to state any claim for which a writ of habeas corpus could be granted. See 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

3

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

This action be **SUMMARILY DISMISSED WITH PREJUDICE**.

Dated: November 10, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 30, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.