UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Nicholas Stroeder,                              Civ. No. 10-4494 (PAM/JJK)

                Petitioner,

v.                                       **MEMORANDUM AND ORDER**

Joan Fabian,

                Respondent.

---

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Jeffrey J. Keyes dated November 10, 2010. In the R&R, the Magistrate Judge recommended that the Court dismiss the Petition for a Writ of Habeas Corpus with prejudice, for failure to state a claim on which relief can be granted. Petitioner filed timely objections to the R&R. According to statute, the Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that de novo review, the Court adopts the R&R.

The R&R found that Petitioner failed to identify any federal constitutional basis for the relief he appears to be seeking, namely for Petitioner's state-court sentence to expire in March 2017. Petitioner's 52-page objections consist of 47 pages of authorities and only two that can be fairly construed as legal argument. He does not explain his citation of any of these authorities, apparently believing that the Court should comb through each case to determine its relevance to Petitioner's difficult-to-decipher claim. Despite his contention that

Minnesota statutes afford him no relief, however, he has failed to establish that any federal statute or the United States Constitution apply to whatever claims he wishes to make. Thus, as Magistrate Judge Keyes found, the federal habeas statute also affords Petitioner no relief. See 28 U.S.C. § 2254(a) (federal habeas relief available to state prisoner "only on the ground that he is in custody in violation of the Constitution or laws of treaties of the United States.") Without some explanation of how federal law applies to Petitioner's claim, his habeas petition must be dismissed.

Similarly, the Court cannot grant Petitioner a certificate of appealability. See Fed. R. Governing § 2254 Cases in the U.S. District Courts 11(a) (requiring district court to issue or deny certificate of appealability when it enters final order adverse to petitioner). A certificate of appealability requires the prisoner to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to show the denial of any right, and thus a certificate of appealability will not issue.

Accordingly, **IT IS HEREBY ORDERED that**:

1. The Report and Recommendation (Docket No. 3) is **ADOPTED**;
2. The Court will not issue a Certificate of Appealability in this matter; and
3. This action is summarily **DISMISSED with prejudice**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: Tuesday, December 7, 2010             *s/ Paul A. Magnuson*
                                             Paul A. Magnuson
                                             United States District Court Judge